UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:18-CV-08536-CAS (RAOx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | ZHOU v. TOH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Yi Yao (By Telephone) | Not Present |

**Proceedings:** PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST HUNG ERN TOH, BARR CONSULTING AND HOLDINGS, INC., AND BARR HOLDINGS, LLC (ECF No. 57 filed Dec. 5, 2019)

## I. INTRODUCTION AND BACKGROUND

This case involves an alleged scheme by defendants to fraudulently induce plaintiff Yan Zhou into investing in a home healthcare business, represented to have been located in Los Angeles County.

Zhou is a foreign national based in Shenzen, China. On October 4, 2018, Zhou filed this action against Hung Ern Toh, two entities Toh controls, Barr Consulting and Holdings, Inc., and Barr Holdings, LLC (the "Barr Defendants"), as well as John B. Flecke, and Beverly Hills Escrow. ECF No. 1 ("Compl."). Zhou alleges that Toh induced her to transfer $322,129 to Toh and the Barr Defendants by misrepresenting an intention to invest those funds in a home healthcare business that Toh and the Barr Defendants stated they would operate. Compl. ¶¶ 23-24, 35, 57-58, 60, 62-69. Zhou alleges that neither Toh nor any of the Barr Defendants intended to actually invest Zhou's funds at the time they induced Zhou's investment. Id. ¶¶ 51, 61. Zhou further claims that she would not have transferred any funds to Toh or the Barr Defendants but for their misrepresentations, and that she has lost all of her investment as a result. Id. ¶¶ 59, 68-69.

Zhou settled her claims against Flecke and Beverly Hills Escrow pursuant to undisclosed settlement agreements, and the Court granted joint motions to dismiss those defendants with prejudice. ECF No. 38 (order dismissing Flecke); ECF No. 53 (order dismissing Beverly Hills Escrow). Toh and the Barr Defendants, however, failed to file any responsive pleading to Zhou's allegations. On December 18, 2018, the Clerk entered default against Toh. ECF No. 19. On May 8, 2019, the Clerk entered default against the Barr Defendants. ECF No. 47.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-08536-CAS (RAOx) | Date | January 6, 2020 |
| Title | ZHOU v. TOH, ET AL. | | |

Zhou filed the instant motion for default against Toh and the Barr Defendants on December 5, 2019. ECF No. 57 ("Mot."). The motion is unopposed. Having carefully considered plaintiffs' motion and supporting exhibits, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55–1.

## III. DISCUSSION

Zhou contends that she is entitled to a default judgment because her motion is procedurally proper and satisfies each of the Eitel factors. Mot. at 10-16.

### A. Procedural Requirements for Default Judgment

In connection with her motion for default judgment, Zhou submits a declaration attesting: (a) that the Clerk entered default against Toh and the Barr Defendants after these parties failed to respond to Zhou's complaint (see ECF Nos. 19, 47); (b) that neither Toh nor the Barr Defendants are infants or incompetent persons; and (c) that the Servicemembers Civil Relief Act does not apply. See Yao Decl. ¶¶ 8-10. These attested facts satisfy the procedural requirements for default judgment.[1] See Harman, 2018 WL 1989518, at *2. The Court therefore proceeds to the Eitel factors, and considers the relief sought by plaintiffs.

### B. Application of the Eitel Factors

#### 1. Possibility of Prejudice

The first Eitel factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471–72. This factor favors entry of default judgment where, absent entry of default judgment, a plaintiff "will likely be without other recourse for recovery." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

---

[1] Under Local Rule 55–2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009). Here, Zhou seeks to recover the $322,129 she transferred to the defendants, which she describes as the amount that "will restore [Zhou] to the financial position [she] enjoyed . . . prior to the fraudulent transaction." Mot. at 17. The Court concludes that this amount constitutes liquidated damages, and that Local Rule 55–2 therefore does not require further notice to Toh or the Barr Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-08536-CAS (RAOx) | Date | January 6, 2020 |
| Title | ZHOU v. TOH, ET AL. | | |

Zhou asserts that "[w]ithout a default judgment" against Toh and the Barr Defendants, Zhou will have "no other recourse" to enforce her rights because Toh and the Barr Defendants have "failed to appear in this case." Mot. at 11. Zhou's settlement with Flecke and Beverly Hills Escrow arguably mitigates *some* of the prejudice Zhou would suffer should the Court not enter default judgment against Toh and the Barr Defendants. See Katz v. China Century Dragon Media, Inc., No. 2:11-cv-02769-JAK-SS, 2013 WL 12138673, at *4 (C.D. Cal. June 19, 2013) (finding that possibility of prejudice factor "is mitigated somewhat, because Plaintiffs have litigated with other defendants with whom they have reached a settlement."). But on balance, because neither Toh nor the Barr Defendants have participated in this litigation, Zhou cannot litigate this case against *them*, leaving default judgment as their only recourse as to those defendants. Accordingly, the Court concludes that this factor favors the entry of default judgment. Id.

### 2. Substantive Merits and Sufficiency of the Claim

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. These factors "are often treated by courts as the most important Eitel factors." Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) (citations omitted). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Zhou moves for default judgment on its fraud claim against Toh and the Barr Defendants. The prove fraud, a plaintiff must prove: "(1) that defendant made a material representation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." Yellow Creek Logging Corp. v. Dare, 216 Cal.App.2d 50, 56 (1963).

Here, Zhou alleges that: (1-2) Toh and the Barr Defendants falsely represented that they would invest her funds in a home healthcare business, Compl. ¶¶ 23-24, 35; (3) Toh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-08536-CAS (RAOx) | Date | January 6, 2020 |
| Title | ZHOU v. TOH, ET AL. | | |

and the Barr Defendants took specific steps—including lying about the location of the home healthcare business, and lying about their efforts to obtain the proper licenses—that evinced an intent to defraud Zhou, id. ¶¶ 44, 51, 61; (4) the representation was intended to induce Zhou to transfer her funds to the defendants, id. ¶ 64; (5) that Zhou reasonably relied on Toh's representations, and would not have invested in the home healthcare business had she known the representations were false, id. ¶ 68; and (6) that Zhou has lost the $322,129 she invested as a result of the fraud, id. ¶ 69.

Accepting the truth of these allegations, Zhou has alleged sufficient facts to support its fraud claim. The second and third Eitel factors also favor entering default judgment.

### 3. Amount of Money at Stake in the Action

In evaluating this factor, the Court compares "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176. "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. 2:16-cv-6049-RSWL-E, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Here, Zhou seeks "actual and compensatory damages of $322,129.00." Mot. at 14. The Court takes notice of several exhibits, attached to Zhou's motion, demonstrating that Zhou transferred that amount of money to accounts controlled by Toh and the Barr Defendants in four separate transactions between July 2015 and February 2016. See Yao Decl., Ex. B ($16,129 transferred on July 23, 2015), Ex. C ($40,000 transferred on July 29, 2015), Ex. D ($250,000 transferred on December 24, 2015), Ex. F ($16,000 transferred on February 29, 2016). In light of these documents, the amount Zhou claims appears appropriate.

However, the Court cannot determine whether this factor supports entry of default judgment in that amount without knowing whether Zhou already recovered some or all of this amount from its private settlements with Flecke and Beverly Hills Escrow. See Katz, 2013 WL 12138673, at *5 (concluding that this factor would not favor default judgment if plaintiff were "likely" able to "recover[] . . . the full amount" sought through "settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-08536-CAS (RAOx) | Date | January 6, 2020 |
| Title | ZHOU v. TOH, ET AL. | | |

with the remaining defendants," since a default judgment in that case would permit "a duplicative recovery"). Since the terms of Zhou's settlement are not known to the Court, the Court concludes that this factor neither favors nor disfavors entry of default judgment at this time.

### 4. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id.

Here, Zhou "filed a well-pleaded complaint alleging the facts necessary to establish [their] claims, and the court clerk entered default against" Toh and the Barr Defendants. See Philip Morris USA, Inc. v. Castworld Prod., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id. The Court concludes that this factor favors entry of default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the result of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The Court agrees with Zhou that "the possibility of excusable neglect is remote" in this case. Mot. at 15. Zhou properly served Toh and the Barr Defendants when this case was filed in October 2018, and the Clerk entered default against Toh and the Barr Defendants in May 2019. Neither Toh nor the Barr Defendants have appeared in the time period since, let alone filed any responsive pleadings. Courts in this circuit generally decline to find excusable neglect in these circumstances. See Elektra, 226 F.R.D. at 393 (finding possibility of default due to excusable neglect low where "six months have elapsed since the Complaint was served on the Defendant, and four months have elapsed since entry of default judgment by the clerk as to the Defendant."). The Court concludes that Toh's and the Barr Defendant's default is likely *not* the result of excusable neglect. This factor therefore favors entry of default judgment, as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:18-CV-08536-CAS (RAOx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | ZHOU v. TOH, ET AL. | | |

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). Toh's and the Barr Defendants' failure to answer or defend this action "makes a decision on the merits impractical, if not impossible." Id. For this reason, the Court concludes that the strong policy favoring resolution of cases on the merits does not preclude the Court from entering default judgment, in this case.

### B. Requested Relief

"[O]nly the amount prayed for in the complaint may be awarded to the plaintiff in a default." Elektra, 226 F.R.D. at 393 (citing Fed. R. Civ. P. 54(c)). The movant seeking default judgment most prove up the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (internal citation omitted).

Here, Zhou requests an order entering default judgment against Toh and the Barr Defendants in the amount of $313,129. Mot at 16-17. The request, as clarified at oral argument, is $9,000 less than the $322,129 originally requested to account for funds already received from Flecke and Beverly Hills Escrow. The Court finds this request to be consistent with the amount sought in the complaint, Compl. ¶¶ 69, Prayer ¶ 1, and supported by evidence of transfers made by Zhou to Toh and the Barr Defendants in this amount. See Yao Decl., Ex. B ($16,129 transferred on July 23, 2015), Ex. C ($40,000 transferred on July 29, 2015), Ex. D ($250,000 transferred on December 24, 2015), Ex. F ($16,000 transferred on February 29, 2016).

The Court finds this showing sufficient to establish the sum total of damages Zhou is entitled to receive.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Zhou's motion for default judgment. Zhou shall recover $313,129 from Toh and the Barr Defendants.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |